**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

---

JACQUELYN A. VANDEHEY, on her own
behalf and on behalf of all others similarly
situated,

                Plaintiff,

        *vs.*

CLIENT SERVICES, INC., a  Missouri
Corporation; and JOHN DOES,

                Defendants.

Case No.: 1:18-cv-01669

---

**CLASS ACTION COMPLAINT
FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

---

This action is brought by Plaintiff, JACQUELYN A. VANDEHEY, on her own behalf and on behalf of all others similarly situated, against Defendants, CLIENT SERVICES, INC., a Missouri Corporation ("CLIENT SERVICES"); and JOHN DOES, based on the following:

## I.      PRELIMINARY STATEMENT

1.      Plaintiff brings this action individually and on behalf of all others similarly situated for the illegal practices of Defendants when attempting to collect an alleged debt from her in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2.      Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3.      The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies,

Case 1:18-cv-01669-WCG   Filed 10/19/18   Page 1 of 12   Document 1

marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors,

to ensure that those debt collectors who refrain from using abusive debt collection practices are

not competitively disadvantaged, and to promote uniform State action to protect consumers

against debt collection abuses." 15 U.S.C. § 1692(e).

4.      The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt

collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits

communications with third parties to the collection of "location information."

5.      When collecting or attempting to collect a debt, the FDCPA bars a debt

collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or

misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C.

§§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but

they are nonexclusive and do not limit the general application of each Section's broad

prohibitions.

6.      When the collection process starts, the FDCPA requires a debt collector to

provide a consumer with basic debt information and the consumer's right to debt-verification. 15

U.S.C. § 1692g.

7.      When the collection process escalates to litigation, the FDCPA prohibits lawsuit

from being commenced in a distant venue. 15 U.S.C. § 1692i.

8.      Although the FDCPA is not a strict-liability statute, "most infractions result in

liability" without proof of *scienter* unless the specific infractions includes an element of intent or

purpose, or the debt collector can affirmatively prove a *bona fide* error under 15 U.S.C.

§ 1692k(c). *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 502 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 1283 (2018).

9.     A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10.     A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

11.     When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less.

12.     Plaintiff seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, such actual damages as may be allowable on a class basis or on an individual basis (only if a class is not certified under Fed. R. Civ. P. 23), statutory damages, attorney fees and costs.

## II.     PARTIES

13.     VANDEHEY is a natural person.

14.    At all times relevant to this lawsuit, VANDEHEY was a citizen of, and resided in, the City of Kaukauna, Outagamie County, Wisconsin.

15.    CLIENT SERVICES is a for-profit corporation formed under the laws of the State of Missouri.

16.    VANDEHEY is informed and believe, and on that basis alleges, that CLIENT SERVICES maintains its principal business address at 3451 Harry S. Truman Boulevard, City of St. Charles, St. Charles County, Missouri.

17.    Defendants, JOHN DOES are sued using fictitious names as their true names and capacities are presently unknown to Plaintiff. This Complaint will be amended by inserting the true names and capacities of these defendants once they are ascertained.

### III.    JURISDICTION & VENUE

18.    Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

19.    Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district, and because CLIENT SERVICES is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV.    FACTS

20.    CLIENT SERVICES regularly engages in the collection of defaulted consumer debts.

21.    CLIENT SERVICES regularly collects or attempts to collect debts alleged to be owed others.

22.    CLIENT SERVICES is a business the principal purpose of which is the collection of defaulted consumer debts.

23.     In attempting to collect debts, CLIENT SERVICES uses the mails, telephone, the internet, and other instruments of interstate commerce.

24.     On information and belief, JOHN DOES are natural persons or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the unlawful policies and procedures that are the subject of this Complaint. In addition, those Defendants personally control, and are engaged in, the unlawful acts, policies, and practices utilized by CLIENT SERVICES and, therefore, are personally liable for all the wrongdoing alleged herein.

25.     CLIENT SERVICES mailed or caused to be mailed a letter dated October 30, 2017 (the "Letter") to VANDEHEY.

26.     A true and correct copy of the Letter is attached as *Exhibit A*, except that the undersigned counsel has partially redacted the Letter.

27.     The Letter alleged VANDEHEY had incurred and defaulted on a financial obligation (the "Debt") owed to Capital One Bank (USA), N.A. ("Capital One").

28.     On information and belief, the Debt concerns a credit card account.

29.     The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

30.     The Letter was CLIENT SERVICES' first written communication to VANDEHEY attempting to collect the Debt.

31.     On information and belief, sometime prior to October 30, 2017, the creditor of the Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to CLIENT SERVICES for collection.

32.     Above the salutation, the Letter stated: "Balance Due: $978.76.

33.     In the body, the Letter stated:

Balance Due at Charge-Off:   $978.76
Interest:                    $0.00
Other Charges:               $0.00
Payments Made:               $0.00
Current Balance:             $978.76

34.     After the § 1692g disclosures, the Letter stated: "Your Account Balance: $978.76."

35.     On the second page of the Letter, CLIENT SERVICES disclosed: "Please note that no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account."

36.     On information and belief, "charge-off" is an accounting procedure by which a receivable—such as the amount owed to a creditor on a loan—is deemed sufficiently unlikely to be paid that the creditor can no longer represent the receivable as an asset and, for an accrual-based taxpayer, all or a portion of the amount charged off may be treated as a loss for which the creditor receives a deduction for purposes of determining the creditor's federal income taxes. See, Victoria J. Haneman, The Ethical Exploitation of the Unrepresented Consumer, 73 Mo. L. Rev. 707, 713-14 (2008).

37.     On information and belief, an account will go into default (*i.e.*, there has been a failure to make a timely payment in accordance with the terms of the debt) before it is charged-off. Thus, a charged-off debt is always in default but not all defaulted debts are charged-off.

38. On information and belief, Capital One does not intend to add and, as a matter of practice, does not add interest or other charges to the balance of its charged-off credit card accounts.

39. On information and belief, Capital One does not prepare and send monthly periodic billing statements on charged-off credit card accounts.

40. Once the Debt was charged-off, its balance remained static and unchanging.

41. Once the Debt was charged-off, Capital One did not add interest or other charges to the account.

42. The Letter falsely implied to the unsophisticated consumer that interest and other charges could accrue on the charged-off Debt.

43. Such false implication arises from the totality of the Letter including, but not limited to, (A) itemizing post-charge-off interest and other charges, (B) describing the amount owed as the "*Current* Balance," and (C) the statement on the Letter's second page implying that interest will be added if payment of the Debt is not resolved *before* CLIENT SERVICES returns the Debt to the creditor.

44. The Letter is materially false, deceptive, and misleading to an unsophisticated consumer "[b]ecause these consumers must often make difficult decisions about how to use scarce financial resources, it is plausible that the fear of 'late charges and other charges' mishgt influence these consumers' choices." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018).

45. A rational person with limited financial resources would, based on the Letter, choose to pay the Debt over an otherwise identical debt which accurately implied the balance remained static.

46. CLIENT SERVICES' use of a form letter like the Letter—which falsely implies the Debt could increase—competitively disadvantages debt collectors who collect static debts without obscuring the fact those debts' balances are static.

47. The Letter does not clearly and unambiguously state the amount of the Debt.

48. The Letter deprived VANDEHEY of truthful, non-misleading, information in connection with CLIENT SERVICES' attempt to collect a debt.

49. On information and belief, the Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

50. Consequently, on information and belief, CLIENT SERVICES caused the same form collection letter to be mailed to others who, like VANDEHEY, reside in Wisconsin.

**V. CLASS ALLEGATIONS**

51. CLIENT SERVICES' conduct toward VANDEHEY is consistent with its policies and practices when attempting to collect debts from consumers generally. Consequently, this action is brought by VANDEHEY individually and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

52. VANDEHEY seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

53. *Class Definition.* The Class consists of: All natural persons to whom Defendant mailed a written communication in the form of *Exhibit A* to an address in the State of Wisconsin on a charged-off Capital One credit card account during the Class Period which begins on October 19, 2017 and ends on November 9, 2018.

54.     The identities of the Class members are readily ascertainable from the business records of Defendant and those entities on whose behalf Defendant attempted to collect debts.

55.     ***Class Claims.*** The Class claims include all claims each Class member may have for a violation of the FDCPA arising from CLIENT SERVICES having mailed a written communication in the form of ***Exhibit A*** to such Class member.

56.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

57.     ***Numerosity.*** On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

58.     ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by Defendant with respect to each Class member.

59.     ***Typicality.*** VANDEHEY's claims are typical of Class because those claims arise from a common course of conduct engaged in by CLIENT SERVICES.

60.     ***Adequacy.*** VANDEHEY will fairly and adequately protect the interests of the Class members because she has no interests that are adverse to the interests of the Class members. Moreover, VANDEHEY is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Vandehey nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

61.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil

Procedure is appropriate in that the questions of law and fact common to the Class members

predominate over any questions affecting an individual member, and a class action is superior to

other available methods for the fair and efficient adjudication of the controversy.

62.     Based on discovery and further investigation (including, but not limited to,

disclosure by CLIENT SERVICES of class size and net worth), VANDEHEY may, in addition

to moving for class certification using modified definitions of the Class and/or Class claims, and

the Class period, seek class certification only as to particular issues as permitted under

Fed. R. Civ. P. 23(c)(4).

## VI.     CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

63.     The factual allegations in the preceding paragraphs are realleged and incorporated

by reference.

64.     CLIENT SERVICES is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

65.     JOHN DOES are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

66.     The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

67.     VANDEHEY is a "consumer" as defined by 15 U.S.C. § 1692a(3).

68.     *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

69.     The use and mailing of *Exhibit A* by CLIENT SERVICES in an attempt to collect

the Debt violated the FDCPA. Such violation includes, but is not limited to:

(a)     Using a false, deceptive, or misleading representation or means in

violation of 15 U.S.C. § 1692e;

Case 1:18-cv-01669-WCG   Filed 10/19/18   Page 10 of 12   Document 1

(b)     Failing to provide a written notice containing the information required
        under 15 U.S.C. § 1692g(a) either with the initial communication or
        within five days after the initial communication;

## VII.    PRAYER FOR RELIEF

70.     WHEREFORE, Plaintiff, JACQUELYN A. VANDEHEY, on her own behalf and
on behalf of all others similarly situated, demands judgment Defendants, CLIENT SERVICES,
INC. and JOHN DOES, jointly and severally, as follows:

(a)     An Order certifying this action as a class action pursuant to Rule
        23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not
        limited to, defining the Class and the Class claims, issues, or defenses, and
        appointing the undersigned counsel as class counsel pursuant to Rule
        23(g);

(b)     An award of statutory damages for VANDEHEY and the Class pursuant
        to 15 U.S.C. § 1692k(a)(2);

(c)     An award to VANDEHEY for services on behalf of the Class as
        determined in the discretion of the Court;

(d)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C.
        § 1692k(a)(3); and

(e)     For such other and firther relied as may be just and proper.

## VIII.   JURY DEMAND

71.     Trial by jury is demanded on all issues so triable.

Case 1:18-cv-01669-WCG   Filed 10/19/18   Page 11 of 12   Document 1

| | |
|---|---|
| | *s/Francis R. Greene* |
| Dated: October 19, 2018 | *Francis R. Greene* |
| | Francis R. Greene (WI Bar # 1115577) |
| | Philip D. Stern (NJ Bar # 045921984) |
| | Andrew T. Thomasson (NJ Bar # 048362011) |
| | *Attorneys for Plaintiff, Jacquelyn A.* |
| | *Vandehey* |
| | STERN•THOMASSON LLP |
| | 150 Morris Avenue, 2nd Floor |
| | Springfield, NJ 07081 |
| | Telephone (973) 379-7500 |
| | E-mail: Philip@SternThomasson.com |
| | E-mail: Andrew@SternThomasson.com |
| | E-mail: Francis@SternThomasson.com |