UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JACQUELYN A. VANDEHEY, individually
and on behalf of all others similarly situated,

    Plaintiff,

    v.                         Case No. 18-C-1669

CLIENT SERVICES, INC.,

    Defendant.

---

MELISSA ARNDT, individually and on
behalf of all others similarly situated,

    Plaintiff,

    v.                         Case No. 19-C-520

CLIENT SERVICES, INC.,

    Defendant.

---

JOSEPH DEGROOT, individually and on
behalf of all others similarly situated,

    Plaintiff,

    v.                         Case No. 19-C-951

CLIENT SERVICES, INC.,

    Defendant.

---

**DECISION AND ORDER**

---

Plaintiffs in *Vandehey v. Client Services, Inc.*, Case No. 18-C-1669 (E.D. Wis.), *Arndt v. Client Services, Inc.*, Case No. 19-C-520 (E.D. Wis.), and *Degroot v. Client Services, Inc.*, Case

No. 19-C-951, move this court to consolidate the cases. For the following reasons, the motion will be denied.

Consolidation is governed by Rule 42(a) of the Federal Rules of Civil Procedure. "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). In considering whether to consolidate cases, the court generally balances judicial economy concerns with any countervailing considerations of equity. *See United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945).

Despite the presence of similar issues in these cases and the fact that they involve the same defendant, the court finds that Plaintiffs' request for consolidation comes much too late. Plaintiffs, who are represented by the same counsel, were aware of the similarities in these cases but did not file the motion to consolidate until the day dispositive motions were due in *Vandehey*. Consolidation will not serve the interests of judicial economy due to the disparity between the procedural posture of the cases. In *Vandehey*, discovery has concluded, a class has been certified, and Defendant filed a dispositive motion. In *Arndt*, discovery is not yet complete, and the dispositive motion deadlines have not passed. *Degroot* is in relatively early stages, procedurally, as a motion to dismiss is currently pending. While a difference in procedural stages is not an automatic bar to consolidation, *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1212 (S.D.N.Y. 1992), it appears consolidation at this point would add, rather than reduce, the potential for confusion and waste of resources. In particular, consolidation would delay the disposition of *Vandehey* and prejudice the parties in that case.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to consolidate is **DENIED**.

Dated at Green Bay, Wisconsin this 6th day of January, 2020.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach, District Judge
                                                 United States District Court